UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN K WHITE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS, et al.,<br><br>Defendants. | Case No. 3:22-cv-06143-JSC<br><br>**ORDER RE: MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**<br><br>Re: Dkt. No. 59 |

Sean K. White alleges Defendants are unlawfully "taking" protected salmon species and failing to reinitiate consultations in violation of the Endangered Species Act of 1973 ("ESA"). The United States Army Corps of Engineers and the National Marine Fisheries Service have lodged their Administrative Records with the Court. (Dkt. Nos. 53, 56.)[1] Now pending before the Court is White's motion to supplement that record: both with extra-record evidence and to fill in a "gap" of the administrative record with supplemental scientific papers. (Dkt. No. 59 at 23.) After carefully considering the briefing, and with the benefit of oral argument on December 21, 2023, the Court GRANTS White's motion to bring extra-record evidence to support his claims.

**BACKGROUND**

The factual background of this dispute has been described in the Court's previous orders, so the Court incorporates that background by reference here.

White brings two claims: (1) the United States Army Corps of Engineers (the "Army Corps") unlawfully are "tak[ing]" listed salmonoid species, in violation of ESA Section 9, 16 U.S.C. § 1538(a)(1)(B) (Dkt. No. 1 at 27); and (2) the Army Corps and the National Marine

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

Fisheries Service are failing to reinitiate consultation in violation of ESA Section 7, 16 U.S.C. § 1536(a)(2), and Administrative Procedure Act ("APA"), 5 U.S.C. § 706. (*Id.* at 27-29.) White brings both these claims under the ESA citizen suit provision, 16 U.S.C. § 1540(g). For both claims, White requests declaratory relief and injunctive relief preventing future violations of the ESA. (*Id.* at 29-30.)

## DISCUSSION

### I.   EXTRA-RECORD EVIDENCE

#### A.   Plaintiff's Proposed Extra-Record Evidence

White asks the Court to consider extra-record evidence, including (1) White's collection of samples of water from five locations in the Russian River watershed around the Coyote Valley Dam; (2) "other documents already in the Court's docket for this case;" and (3) "other evidence that may be gathered in the interim, particularly once the Army Corps begins conducting Flood Control Releases again."[2] (Dkt. No. 59 at 11.)

#### B.   Extra-Record Evidence in Consideration of Plaintiff's ESA Citizen-Suit Claim

The ESA's citizen-suit provision allows "any person" to "commence a civil suit on his own behalf" to "compel the Secretary to apply . . . the prohibitions set forth . . . pursuant to . . . 1538(a)(1)(B)" and "to enjoin any person, including . . . any . . . governmental instrumentality or agency . . . who is alleged to be in violation of any provision" of the ESA or any "regulation issued under the authority" of the ESA. 16 U.S.C. § 1540(g)(1)(A-B). "[T]he APA by its terms independently authorizes review only when 'there is no other adequate remedy in a court.'" *Bennett v. Spear*, 520 U.S. 154, 161–62 (1997) (quoting 5 U.S.C. § 704). Because the ESA citizen-suit provision, "§ 1540(g)(1)(A)[,] is a means by which private parties may enforce the substantive provisions of the ESA against regulated parties—both private entities and Government agencies," this action was properly brought under the ESA, and not the APA. *Id.* at 173.

However, as both sides acknowledge, "[b]ecause ESA contains no internal standard of

---

[2] White explains this evidence "may include additional turbidity sampling and gathering information on the timing, amount, and duration of Flood Control Releases, likely from publicly-available sources." (Dkt. No. 59 at 11.)

1  review, section 706 of the Administrative Procedure Act, 5 U.S.C. § 706, governs review of the
2  [agencies'] actions and the normal 'arbitrary, capricious, an abuse of discretion, or otherwise not
3  in accordance with law standard applies." *W. Watersheds Project v. Kraayenbrink*, 632 F.3d 472,
4  496 (9th Cir. 2011) (cleaned up). (*See* Dkt. Nos. 59 at 8 (the ESA "does not provide a standard of
5  review. Therefore, our courts have looked to the APA to supply a standard of review"); 64 at 9
6  ("Because the ESA, including the citizen-suit provision, contains no internal scope or standard of
7  review, controlling Supreme Court authority and more than three decades of Ninth Circuit
8  authority require that this Court apply the APA's standard.").)

9       The Parties disagree, however, as to whether the APA also provides for the scope of
10  review in this case; that is, what evidence the Court may consider in deciding Plaintiff's ESA
11  claims. "When a plaintiff challenges a final agency action, judicial review normally is limited to
12  the administrative record in existence at the time of the agency's decision." *Friends of the*
13  *Clearwater v. Dombeck*, 222 F.3d 552, 560 (9th Cir. 2000). But Plaintiff insists "the standard of
14  review and the scope of review" are "divisible," so while the APA ordinarily restricts judicial
15  review to the administrative record, that restriction does not apply to this case. (Dkt. No. 59 at
16  17.) Defendants contend the APA's scope of review applies anytime judicial review is conducted
17  under the APA standard of review, so Plaintiff can only supplement the record if he demonstrates
18  the supplemental materials fit within one of the exceptions to the APA administrative-record
19  restriction.

20       The Ninth Circuit's decision in *Western Watersheds Project v. Kraayenbrink*, 632 F.3d
21  472, 497 (9th Cir. 2011), defeats Defendants' argument. In *Kraayenbrink,* the plaintiffs brought
22  suit under the citizen-suit provision of the ESA. The court held "section 706 of the Administrative
23  Procedure Act, 5 U.S.C. § 706, governs review of the [the agency's] actions" for Plaintiff's ESA
24  claim, so "the normal arbitrary, capricious, an abuse of discretion, or otherwise not in accordance
25  with law standard applies." *Id.* at 496. Even though the APA standard of review applied to the
26  ESA claims, the plaintiffs "submitted extra-record material in the district court." *Id.* The
27  "[i]ntervenors argue[d] that this court may not look to extra-record material in conducting a review
28  under the ESA." *Id.* at 497. The court rejected that argument, explaining "the APA applies only

where there is 'no other adequate remedy in a court,' 5 U.S.C. § 704, and—because the ESA provides a citizen suit remedy—the APA does not apply in such actions." *Id.* (citing *Washington Toxics Coal. v. Env't Prot. Agency*, 413 F.3d 1024, 1034 (9th Cir. 2005), *abrogated on other grounds as recognized in Cottonwood Env't L. Ctr. v. U.S. Forest Serv.*, 789 F.3d 1075, 1089 (9th Cir. 2015)). So, the *Kraayenbrink* court concluded it "may consider evidence outside the administrative record for the limited purposes of reviewing Plaintiffs' ESA claim." *Id.*

Defendants urge *Karuk Tribe of California v. U.S. Forest Service*, an en banc Ninth Circuit decision, overruled *Kraayenbrink* and establishes the APA scope of review controls this case; so, the Court's review must be confined to the administrative record. 681 F.3d 1006 (9th Cir. 2012) (en banc). In the "Standard of Review" section, the *Karuk Tribe* decision noted "[b]ecause this is a record review case, we may direct that summary judgment be granted to either party based upon our review of the administrative record." *Id.* (citing *Lands Council v. Powell*, 395 F.3d 1019, 1026 (9th Cir. 2005), which was a case brought under the APA, not the ESA). Defendants argue this statement in *Karuk Tribe* "should resolve Plaintiff's request to introduce extra-record evidence here." (Dkt. No. 64 at 16.) Not so.

*Karuk Tribe* did not address the same issue presented here—whether the ESA's substantive provisions provide for a different scope of review than the APA. Karuk Tribe's brief to the Ninth Circuit conceded the case was "a record review case," and the Ninth Circuit should conduct a "de novo review of the administrative record." (Case No. 05-16801, Dkt. No. 27 at 24.) The U.S. Forest Service's brief did not make any reference to the scope of the record at all. (Case No. 05-16801, Dkt. No. 33.) The New 49'ers, Inc. and Raymond W. Koons, the defendants/intervenors, also filed a brief to the Ninth Circuit. (Case No. 05-16801, Dkt. No. 36.) They argued "the District Court erred by declining to consider additional materials beyond the administrative record certified by the Forest Service." (*Id.* at 33.) However, the defendants/intervenors did not argue the district court could consider materials outside the administrative record because substantive ESA suits are not confined to the administrative record (as White argues here). (*Id.* at 51-52.) Rather, they assumed the APA's scope of review applied and argued some materials were "obviously omitted from the administrative record by the

4

agency's plain error" and other materials "provided the court with background information putting the dispute in its proper context." (*Id.* at 51-53.) *See also Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005) (explaining four limited circumstances in APA cases when district courts are permitted to admit extra-record evidence). So, *Karuk Tribe* was a "record review case" because all parties conceded as much. *See also Hoopa Valley Tribe v. Nat'l Marine Fisheries Serv.*, 230 F. Supp. 3d 1106, 1124 (N.D. Cal. 2017) (explaining in *Karuk Tribe,* "the Ninth Circuit did not 'hold' that the record review under the APA is required in ESA cases. . . . There is no indication that the Ninth Circuit intended this statement to overrule the reasoning in *Washington Toxics* and *Kraayenbrink*; those cases are neither cited nor discussed in *Karuk Tribe*."), *modified sub nom. Tribe v. U.S. Bureau of Reclamation, No. 3:16-CV-04294-WHO, 2017 WL 6055456 (N.D. Cal. Mar. 24, 2017), order clarified sub nom. Tribe v. Nat'l Marine Fisheries Serv.*, No. 16-CV-04294-WHO, 2018 WL 2010980 (N.D. Cal. Apr. 30, 2018) ; *Friends of the Clearwater v. Higgins*, 523 F. Supp. 3d 1213, 1219–20, 1220 n.1 (D. Idaho 2021) (explaining "[t]he scope of review was not an issue by the time the court heard" *Karuk Tribe* "en banc" as "[t]he Ninth Circuit panel that originally heard *Karuk Tribe* upheld" the district court's decision to exclude extra-record evidence, "finding that the merits of the factual dispute supported by the extra-record documents were not relevant to the legal question at issue in the case."). It is thus unsurprising that *Karuk Tribe* cites to *Kraayenbrink* exactly one time: quoting *Kraayenbrink* for the description of "Section 7 as the 'heart of the ESA.'" *Id.* at 1019 (quoting *Kraayenbrink*, 632 F.3d at 495). *Karuk Tribe* did not overrule *Kraayenbrink*.

Moreover, after *Karuk Tribe*, the Ninth Circuit affirmed its ruling in *Kraayenbrink*. In *National Family Farm Coalition v. U.S. Environmental Protection Agency*, the Ninth Circuit cited to *Kraayenbrink*, acknowledging the court could consider materials outside the administrative record "for the limited purpose[ ] of reviewing [Petitioners'] ESA claim." *Nat'l Fam. Farm Coal. v. U.S. Env't Prot. Agency*, 966 F.3d 893, 926 n.11 (9th Cir. 2020) (quoting *Kraayenbrink*, 632 F.3d at 497). This Court is bound by *Kraayenbrink* and *National Family Farm Coalition*. *See Hoopa Valley Tribe v. Ross*, No. 18-CV-06191-JSW, 2019 WL 13221165, at *4 (N.D. Cal. July 12, 2019) (finding *Karuk Tribe* did not overrule *Kraayenbrink* and allowing extra-record evidence

in an ESA case); *Ellis v. Housenger*, No. C-13-1266 MMC, 2015 WL 3660079, at *4 (N.D. Cal. June 12, 2015) (same); *Yurok Tribe v. United States Bureau of Reclamation*, 231 F. Supp. 3d 450, 469 (N.D. Cal. 2017), *order clarified sub nom. Tribe v. United States Bureau of Reclamation*, 319 F. Supp. 3d 1168 (N.D. Cal. 2018) (finding, under *Kraayenbrink*, "the APA's record review provision does not apply" to ESA cases).

Defendants' additional attempts to avoid binding Ninth Circuit precedent fail. First, they attack *Kraayenbrink's* reasoning, complaining its reliance on *Washington Toxics* was misplaced because *Washington Toxics* did not "even consider the standard or scope of review for ESA claims." (Dkt. No. 64 at 21, 23.) But this district court does not have the authority to decline to follow Ninth Circuit precedent merely because it does not agree with its reasoning. In any event, the Court does not agree with Defendants' reading of *Washington Toxics*. As *Washington Toxics* recounts, during the district court proceedings, the "intervenors contend[ed] that the case [wa]s governed by the principles of judicial review and injunctive standards of the Administrative Procedure Act . . . rather than by the ESA," so "the district court lacked jurisdiction to examine the effect of pesticides apart from reviewing the administrative record pursuant to a cause of action established by the APA." 413 F.3d at 1029. They "argued that the proceeding contravened APA standards because the district court conducted its review outside an administrative record." *Id.* at 1030. "The district court held that because the ESA independently authorized a right of action, the APA was inapplicable," and extra-record evidence review was proper. *Id.* The Ninth Circuit then "affirm[ed] the district court's orders in their entirety" and held "the ESA citizen suit provision creates an express, adequate remedy" so the APA, including its "limited provision for judicial review of a final agency action . . . does not govern the plaintiffs' claims." *Id.* at 1029, 1034. So, *Washington Toxics* explicitly considered the district court's rulings on the scope (and standard) of review for ESA claims and affirmed the district court's decision to consider extra-record evidence.

Defendants further contend *Kraayenbrink* should be read as merely affirming the district court's decision to "supplement the record with expert opinions and studies," according one of the exceptions to the APA administrative-record restriction. (Dkt. No. 64 at 23 (citing *Sierra Club v. McLerran*, No. C-11-1759-RSL, 2012 WL 5449681, at *2 (W.D. Wash. Nov. 6, 2012) (emphasis

added)). Indeed, the District of Montana has repeatedly held:

> *Kraayenbrink* leaves us uncertain whether the panel discarded the APA record review rule entirely or simply found that the extra-record documents presented to the district court in that case fit within one of the four standard exceptions outlined above. The better view, in the opinion of this Court, is that the traditional four exceptions still apply to plaintiffs' requests for supplementation of the administrative record for ESA claims, but the narrowness of the construction and application of these exceptions, *see Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005) ("these exceptions are narrowly construed and applied"), should be relaxed for such claims.

*Alliance for the Wild Rockies v. Weldon,* CV 9:11-cv-00076-CCL, Dkt. No. 64 at 6 (July 23, 2013); *see also All. for Wild Rockies v. Probert*, 412 F. Supp. 3d 1188, 1196–97 (D. Mont. 2019) (quoting the same quote from *Alliance for the Wild Rockies v. United States Dept. of Agriculture*); *All. for Wild Rockies v. Kruger*, 950 F. Supp. 2d 1172, 1177 (D. Mont. 2013) (same); *Native Ecosystems Council v. Marten*, 334 F. Supp. 3d 1124, 1129 (D. Mont. 2018) (same); *Wildwest Inst. v. Ashe*, No. CV 13-6-M-DLC, 2013 WL 12134034, at *2 (D. Mont. Oct. 18, 2013) (same); *350 Montana v. Bernhardt*, 443 F. Supp. 3d 1185, 1201 (D. Mont. 2020), *aff'd in part, rev'd in part and remanded sub nom. 350 Montana v. Haaland*, 29 F.4th 1158 (9th Cir. 2022), *and aff'd in part, rev'd in part and remanded sub nom. 350 Montana v. Haaland*, 50 F.4th 1254 (9th Cir. 2022) ("[T]his Court has consistently concluded . . . *Kraayenbrink*, . . . did not eliminate the administrative record limitation in ESA cases.").

This Court disagrees. *Kraayenbrink* held:

> Intervenors argue that this court may not look to extra-record material in conducting a review under the ESA. As we explained in *Washington Toxics Coalition*, the APA applies only where there is "no other adequate remedy in a court," 5 U.S.C. § 704, and—because the ESA provides a citizen suit remedy—the APA does not apply in such actions. 413 F.3d at 1034. Therefore, under *Washington Toxics Coalition* we may consider evidence outside the administrative record for the limited purposes of reviewing Plaintiffs' ESA claim.

632 F.3d at 497. *Kraayenbrink* held *the APA does not apply* to whether the court can look to extra-record evidence, not that the APA's exceptions to the general rule of limited record review apply. So, interpreting *Kraayenbrink* as merely holding the APA's record-review exceptions apply in an ESA case does not square with the court's holding.

7

Defendants' reliance on APA cases for the proposition the Court's review is limited to the administrative record already in existence is misplaced. None of the cases includes a substantive ESA claim similar to this case. *See San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581, 592, 602 (9th Cir. 2014) (plaintiffs "brought suit under the Administrative Procedure Act against various federal defendants," asserting a biological opinion was arbitrary, capricious, an abuse of discretion, or otherwise unlawful); *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 981 (9th Cir. 2014) (plaintiffs sued the National Marine Fisheries Services, asserting it "had violated the Administrative Procedure Act's ('APA') arbitrary or capricious standard when developing much of the [biological opinion]"); *Blue Mountains Biodiversity Project v. Jeffries*, 72 F.4th 991, 995 (9th Cir. 2023) (Plaintiff alleged agency actions "violated the National Environmental Policy Act, the National Forest Management Act, and the Administrative Procedure Act").

Finally, Defendants complain dividing the standard of review and scope of review under the APA "conflicts with the plain language of the APA." (Dkt. No. 64 at 18 (citing 5 U.S.C.A. § 706). But, *Kraayenbrink* again defeats Defendants' argument. *Kraayenbrink* utilized the APA's "arbitrary and capricious" standard of review, 632 F.3d at 481, while also considering extra-record evidence. *Id.* at 497.

The Court is not limited to the administrative record in deciding Plaintiff's two substantive ESA claims.

### C. Whether Plaintiff Waived His Request for the Court to Consider Extra-Record Evidence

Defendants also assert "[t]he Parties agree that this is an administrative record review case." (Dkt. No. 64 at 29.) They cite to the Parties' November 30, 2023 Updated Joint Case Management Statement, in which, when discussing disclosures, both parties agree Federal Rule of Civil Procedure 26 is "[n]ot applicable" to this case because it is an "action for review on an administrative record." (Dkt. No. 62 at 8, quoting Fed. R. Civ. P. 26(a)(1)(B)(i).) Defendants urge considering extra-record evidence would be "improper" and "unfair and prejudicial to Defendants" because "Defendants relied on Plaintiff's statements and concurrence that this was an

administrative record review case in the joint case management conferrals, statements, and conferences." (Dkt. No. 64 at 30.) However, in the Updated Joint Case Management Statement Defendants point to, Plaintiff explains he "believes the scope of review is not strictly limited to the administrative record." (Dkt. No. 62 at 9.) Plaintiff made the same assertion in the Initial Case Management Statement, (Dkt. No. 30 at 7-8), so Defendants have long been on notice of Plaintiff's assertions. Moreover, as Plaintiff explains, this case is a "species of record review case, one in which extra-record evidence is allowed." (Dkt. No. 68 at 11.) Indeed, both parties agree the record evidence is relevant, and that this case will involve a review of that record.

So, Plaintiff's extra-record evidence will be considered.[3]

## CONCLUSION

For the reasons discussed above, the Court GRANTS Plaintiff's motion to bring extra-record evidence.

On or before January 12, 2024, the parties shall provide the Court with a new briefing schedule.

This Order disposes of Docket Number: 59.

**IT IS SO ORDERED.**

Dated: January 2, 2024

JACQUELINE SCOTT CORLEY
United States District Judge

---

[3] Because the Court will consider extra-record evidence for Plaintiff's substantive ESA claims, White's argument the Court should consider extra-record evidence for his injunctive relief claim and to supplement the record with scientific papers are moot. The Court will consider whether any specific piece of extra-record evidence should be given any weight in the context of the summary judgment briefing.

9